# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **OZER JOHN ALEXANDER, SR.** | **CIVIL ACTION NO. 08-CV-0805** |
| **VS.** | **JUDGE DOHERTY** |
| **ARCHIE PAUL JOSEPH** | **MAGISTRATE JUDGE METHVIN** |

## *REPORT AND RECOMMENDATION*

Plaintiff Ozer Alexander filed this suit against his former attorney on June 9, 2008. Plaintiff is proceeding *pro se* and *in forma pauperis*. In addition to the complaint, he has filed several motions and other documents in this matter. Having reviewed plaintiff's filings, the undersigned recommends that the entire action be dismissed as frivolous pursuant 28 U.S.C. §1915(e)(2)(B)(i).

In his complaint, Alexander alleges that his former attorney, Archie Paul Joseph, "has demonstrated Strategic Manipulation and also distressful behavior by oppressing the Plaintiff Ozer John Alexander with Allegations of Slander, Theft and Perjury. [sic] Deprivation of Rights 42 U.S. Civil Statue [sic]." Later in the record, a "Corrective Document" was filed (rec. doc. 14), with a page entitled "Proposed Order (to grant Relief sought)," asking to "Justify Relief for Torts 320 Assault, Libel & Slander, 42 U.S. Civil 1983 Deprivation of Rights." Further in the record is a document captioned "Motion to Continue" (rec. doc. 17).[1]

While it is difficult to understand Alexander's allegations, it appears that Joseph represented him in a social security disability case. Alexander contends that Joseph submitted an

---

[1] There are several other motions and documents filed in the record, including two motions for default.

improper or fraudulent invoice for legal fees to the Social Security Administration (SSA), which ultimately approved fees of $4,125.00. Alexander also complains that Joseph slandered and defamed him before the SSA, when Joseph wrote the SSA that his fees were justified because Alexander suffers from a mental disability and was a particularly difficult client to represent. Alexander also states that the award of legal fees by the SSA to defendant Joseph "is truly what Initiated Class Action Law Suit # 6:07-cv-1651."[2] The class action suit referred to was filed by Alexander in 2007, against the Commissioner and various SSA officials and employees. In that complaint, Alexander alleged that he had been, through SSA officials, "neglected, traumatized, discriminated, deprived, insulted, and abused, by "<u>Abusive Power</u>". . . .[3] That action was dismissed as frivolous by Judge Haik on September 29, 2008, and Alexander was barred from filing any further pleadings, lawsuits, or other documents in the Court without prior written Court approval.[4] Since this complaint was filed prior to the bar order, it was not rejected by the Clerk of Court.

Here, as in the prior action, Alexander is proceeding *in forma pauperis*, and his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i), which mandates dismissal at any time if the court determines that the action is frivolous. *Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir.2002)(dismissing non-prisoner's in forma pauperis complaint for frivolity and

---

[2] Rec. Doc. 17-2, p. 5.

[3] See "Complaint-Class Action" (rec. doc. 1), in Civil Action 07-1651, United States District Court, Western District of Louisiana.

[4] See "Judgment of Dismissal" (rec. doc. 53), in Civil Action 07-1651, United States District Court, Western District of Louisiana.

failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Under 28 U.S.C. § 1915(e)(2)(B)(i), a complaint is "frivolous if it lacks an arguable basis in law or fact."[5]

A review of the plaintiff's complaint, and multiple motions and other documents filed, shows that the plaintiff's complaint is wholly frivolous. The attorney's fee for representation in the agency proceedings was approved by the Office of Disability Adjudication and Review after full review,[6] and the statements made by Alexander's former attorney in support of his fee were entirely appropriate, as the basis of the plaintiff's social security award *was* a mental disability.[7]

Therefore, for the reasons given above,

**IT IS RECOMMENDED** that this suit be **DISMISSED** *sua sponte*, in its entirety, with prejudice, as frivolous under 28 U.S.C. § 1915(e)(2)(B)(I).

**IT IS FURTHER RECOMMENDED** that Ozer John Alexander be **BARRED** from filing any further pleadings, lawsuits, or other documents with this Court without prior written Court approval.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court be directed to notify the Court if the plaintiff attempts to file any documents without prior written Court approval.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

---

[5] *Newsome,* 301 F.3d at 231, citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)(internal citations omitted).

[6] See Rec. Doc. 5-3, p. 10. Furthermore, a court only has authority to approve attorney's fees for work done before it, and not before the agency. Authority to set fees incurred in representation before the agency rests exclusively with the Secretary. *Brown v. Sullivan*, 917 F.2d 189, 191(5th Cir. 1990); 42 U.S.C. § 406(a).

[7] Rec. Doc. 5-3, p. 14. Claimant was recognized as having the severe impairment of major depression, recurrent, severe with psychotic features (20 C.F.R. 404.1520(c)).

respond to another party's objections within ten (10) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on January 6, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)