RECEIVED
JAN 22 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| OZER JOHN ALEXANDER, SR. | CIVIL ACTION NO. 08-0805 |
| VERSUS | JUDGE DOHERTY |
| ARCHIE PAUL JOSEPH | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Pending before this Court is a "Report and Recommendation" issued by Magistrate Judge Methvin, in which the magistrate judge recommends dismissal with prejudice of the instant case as frivolous under 28 U.S.C. §1915(e)(2)(B)(I) [Doc. 21]. The magistrate judge further recommends plaintiff Ozer John Alexander be barred from filing any further pleadings, lawsuits, or other documents with this Court without prior written Court approval. Plaintiff Ozer John Alexander filed a document entitled "Motion Objecting to a Ruling," which this Court construes as plaintiff's objections to the magistrate judge's Report and Recommendation [Doc. 22].[1]

For the following reasons, this Court ADOPTS AND AFFIRMS Magistrate Judge Methvin's Recommendation. The instant case is DISMISSED WITH PREJUDICE for the reasons stated in the magistrate judge's Report, as well as for the reasons stated herein.

The facts and procedural background have been set forth by the magistrate judge in the Report and Recommendation and will not be restated here. In support of its Ruling this date, this

---

[1] This Court notes a Notice of Deficiency has been issued by the Clerk of Court in connection with this Objection due to Mr. Alexander's failure to attach a certificate of service [Doc. 23]. Because this Court concludes the deficiency does not affect the substance of this Court's ruling, the Court issues its ruling without regard to the deficiency in plaintiff's Objection.

Court adopts the Report and Recommendation of the magistrate judge *in toto*. For the sake of clarity and brevity, however, this Court notes the instant lawsuit was filed by plaintiff against an attorney who formerly represented plaintiff in connection with a claim for benefits from the Social Security Administration ("SSA"). After resolution of the matter, the attorney – the defendant in this case – submitted an application for fees to the SSA, which was granted by the SSA in the amount of $4,125.00. Plaintiff alleges the invoice for fees submitted by defendant was fraudulent. Plaintiff also alleges defendant slandered and defamed him before the SSA when defendant submitted to the SSA that his fees were justified because plaintiff suffers from a mental disability and was a particularly difficult client to represent.

The magistrate judge recommends dismissal of the instant lawsuit pursuant to 28 U.S.C. §1915(e)(2)(B)(I), applicable to plaintiffs proceeding *in forma pauperis*, as Mr. Alexander is proceeding here.[2] The Fifth Circuit has made clear Section 1915(d) dismissals "are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering" a complaint that fails to state a claim and lacks even an arguable basis in law.

---

[2] Section 1915(e) states:

(e)(1) The court may request an attorney to represent any person unable to afford counsel.

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

(A) the allegation of poverty is untrue; or

(B) the action or appeal--

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e).

*See Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 619 (5th Cir. 1992), *citing Neitzke v. Williams*, 490 U.S. 319, 330, 109 S.Ct. 1827, 1834, 104 L.Ed.2d 338 (1989). In *Neitzke*, the United States Supreme Court stated "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." 490 U.S. at 325, 109 S.Ct. at 1831-32.

In the instant case, plaintiff's allegations that his former attorney submitted improper invoices to SSA and defamed plaintiff in the process are subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(I). The record of this matter shows the attorney's fee for representation of the plaintiff before the SSA was approved by the Office of Disability Adjudication and Review after full review and consideration of the application. As the magistrate judge points out, pursuant to established law, a court only has authority to approve attorney's fees for work done before *the court itself*, and not for work done before another federal agency. Rather, authority to set fees incurred in representation before the agency rests exclusively with the Secretary. *Brown v. Sullivan*, 917 F.2d 189, 191(5th Cir. 1990); *see also* 42 U.S.C. § 406(a).

As for plaintiff's allegation that defendant's statements in his submission to SSA for fees were defamatory, the magistrate judge properly concluded the attorney's statements were entirely appropriate, as it appears the basis of the plaintiff's claim for social security benefits was for a mental disability. The foregoing is apparent from documents submitted by Mr. Alexander to this Court in connection with the instant case. Although the actual Objection filed into the record contains only the four-page Objection and no attachments, Mr. Alexander hand-delivered to chambers a copy of the Objection, along with certain attachments. Mr. Alexander did not ask that these attachments be filed into the record. Notwithstanding the foregoing, as items submitted to this

3

Court for consideration, the attachments have been considered by the Court and are attached hereto as Exhibit "A" to this Court's ruling.

The plaintiff's attachments include a letter dated November 28, 2005 from SSA to Mr. Alexander in connection with a claim for benefits filed by Mr. Alexander in which Mr. Alexander alleges he has been disabled since December 23, 2001 "because of mental illness." In the letter, SSA states Mr. Alexander is not entitled to benefits, but acknowledges Mr. Alexander "[has] some problems with mental illness."[3] Additionally, plaintiff attaches a letter dated October 22, 2007 from Dr. Samir Salama of the Center for Psychiatric and Addictive Medicine, in which Dr. Salama states Mr. Alexander has been a patient of his since April 2001 and that Mr. Alexander "carries a diagnosis of Major Depression, Recurrent, Severe with Psychotic features," and discusses the medications Mr. Alexander takes to control his symptoms.

It is unclear to this Court whether the SSA letter dated November 28, 2005 – which states Mr. Alexander was being denied benefits – is the same claim for which defendant ultimately obtained his attorney's fee. In other documents submitted to this Court, Mr. Alexander states he is "presently receiving disability benefits of $15,000 annually," therefore, it appears at some point, Mr. Alexander was successful in obtaining benefits. Regardless of the foregoing, it is undisputed the fee in question in the instant case was paid by SSA for work performed before that agency. Therefore, plaintiff's claim that the fee was paid pursuant to a fraudulent invoice is a matter this Court is without jurisdiction to consider. Therefore, plaintiff's complaint is subject to dismissal pursuant to

---

[3] Title 20 CFR § 404.1725(b) sets forth the factors considered by the SSA in approving fees for work performed before the agency and further notes the SSA "may authorize a fee even if no benefits are payable."

Section 1915(e) as it lacks an arguable basis either in law or in fact.[4]

This Court also notes Mr. Alexander hand-delivered certain documents to chambers on or around January 3, 2009. Among the documents submitted were a "Notice of Request of Filing of Documents," as well as a "Propose [sic] Order to Grant Relief," in which Mr. Alexander seeks a "Judgment of Default" and "Final Judgment" in his favor, awarding him $5,000.00 in relief, plus court costs. Also attached is a Certificate of Service, presumably showing service of the foregoing documents by certified mail on defendant, as well as a document entitled "Track and Confirm," purporting to show the foregoing documents were delivered to defendant on November 21, 2008. Mr. Alexander did not request that the Court file the documents for him, therefore, these documents are not a part of the record of this matter, but are nevertheless attached hereto as Exhibit "B." Nothing in these documents changes the conclusions reached by the Court this date.

3. **Conclusion**

Considering the foregoing, this Court ADOPTS AND AFFIRMS Magistrate Judge Methvin's Recommendation. The instant lawsuit is DISMISSED WITH PREJUDICE, in its entirety, pursuant to 28 U.S.C. §1915(e)(2)(B)(I) for the reasons stated in the magistrate judge's Report, as well as for the reasons stated herein. Additionally, Ozer John Alexander is hereby BARRED from filing any future pleadings, lawsuits, or other documents with this Court without prior written Court approval. The Clerk of Court shall notify this Court if the plaintiff attempts to file any documents without prior

---

[4] This is not the first case to be dismissed as frivolous by a judge in this division. In addition to the lawsuit pending before this Court, the plaintiff filed another lawsuit that is related to the instant matter. In 2007, plaintiff filed a class action lawsuit against the Commissioner of Social Security as well as various SSA officials and employees, alleging he had been, through the SSA officials, "neglected, traumatized, discrimination, deprived, insulted, and abused, by Abusive Power...." *See Alexander v. Astrue, et al.*, Civil Action No. 07-1651. That action was dismissed on September 29, 2008 by Judge Haik, who barred plaintiff from filing any further pleadings, lawsuits, or other documents without prior written Court approval.

written Court approval.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 21 day of _____, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE